J-S04016-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN KARPINSKI, | : | |
| | : | |
| Appellant | : | No. 2014 WDA 2014 |

Appeal from the Judgment of Sentence November 13, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0010642-2014

BEFORE: BOWES, OLSON, and STRASSBURGER, JJ.*

CONCURRING MEMORANDUM BY: STRASSBURGER, J.:**FILED FEBRUARY 09, 2016**

I agree with the Majority's conclusion that the trial court did not commit error in denying Appellant's motion to suppress. However, I write separately because I believe Appellant's claim fails on a different basis from that relied on by the Majority.

When the troopers entered the second floor of 11101 Frankstown Road, Appellant was waiting to meet them in the common area, where the stairs met the hallway. Although misappropriated by Appellant, who indisputably used more of the second floor than his verbal contract with Sankey permitted, that hallway was clearly a common area, accessible by any other potential tenant or Sankey. Appellant's impermissible use of that space does not convert the hallway to his private residence; thus he had no reasonable expectation of privacy therein. ***Commonwealth v. Reed***, 851

_____

*Retired Senior Judge assigned to the Superior Court.

A.2d 958 (Pa. Super. 2004). Regardless, the record reflects that Appellant consented to the troopers' presence in the hallway as he advised them "I just spoke to [Sankey] and I was coming down to let you in." N.T., 11/13/2014, at 68-72. Accordingly, there is ample evidence that Appellant did not have a reasonable expectation of privacy in the hallway, and that even if he did, he consented to the presence of the troopers.

It is clear that Appellant's real issue concerns the admissions he made to police which eventually led to the search and seizure of his computers. Appellant's attempt to couch his Fifth Amendment argument as a Fourth Amendment violation is unavailing. The issue of whether Appellant's Fifth Amendment privilege was violated by the troopers' questioning is not before us. Accordingly, I would affirm his judgment of sentence.